**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3210-19

CAMBRIA AUTOMOBILE
COMPANIES, INC.,

     Plaintiff-Respondent,

v.

TRUCKTEK, LLC, A
NEW JERSEY LIMITED
LIABILITY COMPANY,

     Defendant-Appellant.

_____

        Submitted January 21, 2021 – Decided March 12, 2021

        Before Judges Ostrer and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-4003-18.

        Antonio J. Toto, attorney for appellant.

        Andrew R. Turner, attorney for respondent.

PER CURIAM

Defendant Trucktec, LLC (Trucktec) appeals from a February 28, 2020 order, which granted a turnover of funds to plaintiff Cambria Automotive Companies, Inc., and denied defendant's request to schedule a trial date on its counterclaim. Defendant also appeals from a March 30, 2020 denial of its motion to reconsider the February 28, 2020 order. We affirm.

On November 21, 2018, plaintiff filed a complaint seeking an award of $90,732.65 against defendant for goods plaintiff sold and delivered to defendant. Defendant filed an answer referencing a counterclaim and affirmative defenses. The clerk's office issued a deficiency notice to defendant, based on defendant's failure to include a counterclaim with its answer. On January 9, 2019, a default judgment was entered against defendant in the sum of $90,732.65.

Defendant promptly moved to vacate the default judgment and reinstate its answer. In support of the vacatur motion, counsel for defendant submitted a certification stating, in part, "[t]here is no [c]ounterclaim in this matter" and "[t]his office does not want any [c]ounterclaim." Defendant's counsel also certified, "there was no true deficiency because I never intended to file a [c]ounterclaim." On February 15, 2019, the trial court vacated the default judgment and declared in its order that defendant's answer "is hereby reinstated

with no [c]ounterclaim," adding the complaint "was filed only on [November 26, 2018]. A defense is alleged."

In March 2019, plaintiff moved for summary judgment, contending there was no dispute as to the amount defendant owed plaintiff. In response, defendant filed a "notice of motion to add counterclaim and denying summary judgment." On April 29, 2019, the trial court granted plaintiff's summary judgment motion and awarded it $90,732.65. The judgment stated, "this order disposes of all issues between all parties in this lawsuit." The case was then marked "closed" on the court's docket.

Defendant moved for reconsideration of the summary judgment award and sought leave to file a counterclaim out of time. By order of July 18, 2019, the trial court denied defendant's reconsideration motion, but granted defendant leave to file a counterclaim. The order stated:

> The summary judgment granted to plaintiff remains. Motion to reconsider denied as there is nothing new on that or mistake. However, Defendant may within 30 days file a counterclaim. This is in the interest of the entire controversy doctrine. If no counterclaim is filed within 30 days, defendant shall be barred with prejudice from asserting one.

On July 31, 2019, plaintiff filed a motion for turnover of funds to satisfy its judgment. Approximately one week later, defendant filed a "notice of motion

3

opposing turnover of funds." Defendant's counsel represented his "office filed a [c]ounterclaim as part of its motion dated April 17, 2019 and this office believed that the [c]ounterclaim was filed as part of its [m]otion to add the [c]ounterclaim which was granted on July 18, 2019." Defendant's motion did not include any proof a counterclaim was filed and served. On August 22, 2019, the motion judge granted the turnover motion, finding "[a] late filed counterclaim should not interfere with the judgment already laboriously obtained by the plaintiff." This turnover order was not appealed.

On January 14, 2020, plaintiff filed another turnover motion. In response, on January 23, 2020, defendant filed a "motion opposing turnover and requesting a trial date for the [c]ounterclaim." In support of defendant's opposition motion, its counsel certified he contacted the Civil Division Manager's Office to inquire why no trial date issued on defendant's counterclaim, and he was informed the matter was "disposed." Accordingly, he asked that the counterclaim be considered and that plaintiff's turnover motion abide "the outcome of the [c]ounterclaim."

The motion judge conducted oral argument on February 28, 2020. At the hearing, defendant's attorney did not contest the amount of money plaintiff claimed it was owed, but stated, "I'd rather [plaintiff] not get the money pending

4

the outcome of the counterclaim." Plaintiff's counsel represented he was never served with the counterclaim, did not believe one was filed, and that the "[c]ourt's records say [the matter is] 'disposed.'"

Our review of the record reveals defendant's attorney produced no proof at the hearing that the counterclaim was filed or served. Instead, when the motion judge asked him if he had a filed copy of the counterclaim, defendant's counsel responded, "It's on eCourts itself, Your Honor." The judge replied, "I don't have a filed copy." Accordingly, following oral argument, the judge entered an order granting plaintiff's motion for the turnover of funds totaling $36,768.97. That same day, the judge entered a separate order denying defendant's cross-motion, as he found the "counterclaim has not been properly filed." Defendant moved for reconsideration of the order denying relief on its counterclaim; the court denied the reconsideration motion on March 30, 2020.

On appeal, defendant's sole argument is that it "properly e-filed and served the counterclaim on eCourts and the trial court erred in dismissing it." We are not persuaded.

As a threshold matter, we observe that neither of the orders from which defendant appeals actually states defendant's counterclaim was dismissed. Further, although defendant annexes an eCourts receipt to its appendix to reflect

the filing of an "answer to counterclaim" on August 8, 2019, it does not argue this receipt was part of the record before the motion judge on February 28, 2020 or upon reconsideration. (Emphasis added). Moreover, defendant does not establish it provided the motion judge with proof it served plaintiff with the counterclaim before the motion judge entered the challenged orders.

Rule 1:5-1 provides "[i]n all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to the original complaint, written motions . . . and other papers . . . shall be served upon all attorneys of record in the action and upon parties appearing pro se." Also, Rule 1:5-2 mandates, in part:

> [s]ervice upon an attorney of papers referred to in R. 1:5-1 shall be made by mailing a copy to the attorney at his or her office by ordinary mail, by handing it to the attorney, or by leaving it at the office with a person in the attorney's employ, or if the office is closed . . ., in the same manner as service is made upon a party.

Additionally, "the language of Rule 1:5-3 is clear and unambiguous." First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 511 (2002). It provides:

> Proof of service of every paper referred to in R. 1:5-1 may be made (1) by an acknowledgment of service, signed by the attorney for a party or signed and acknowledged by the party, or (2) by an affidavit of the person making service, or (3) by a certification of service appended to the paper to be filed and signed by the attorney for the party making service.

6

[<u>R.</u> 1:5-3.]

The record before us is devoid of evidence defendant complied with the <u>Rules</u> we have cited. Further, the mere existence of an eCourts receipt in defendant's appellate submissions does not persuade us the motion judge erred in finding defendant's counterclaim was not properly filed. Accordingly, we perceive no basis to disturb the February 28, 2020 order.

We also are not persuaded the trial court abused its discretion in denying defendant's motion for reconsideration of the February 28, 2020 order. A motion for reconsideration is not a chance to get "a second bite of the apple." <u>Fusco v. Bd. of Educ. of City of Newark</u>, 349 N.J. Super. 455, 463 (App. Div. 2002). Reconsideration is appropriate in two circumstances: (1) when the court's decision is "based upon a palpably incorrect or irrational basis," or (2) when "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 393, 401 (Ch. Div. 1990)). A motion for reconsideration is not "a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." <u>Capital Fin. Co. of Del. Valley v. Asterbadi</u>, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing <u>Cummings</u>, 295 N.J. Super. at 384). Ultimately, when a

litigant is dissatisfied with a court's decision, reconsideration is not appropriate; rather, the litigant should pursue an appeal. D'Atria, 242 N.J. Super. at 401.

Here, there is no showing the motion judge's February 28, 2020 order rested on "palpably incorrect or irrational" grounds or "that the [c]ourt either did not consider or failed to appreciate the significance of probative, competent evidence." Ibid. Therefore, we perceive no basis to second guess the judge's March 30, 2020 denial of defendant's reconsideration motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3210-19